15790.  CITIZENS AND SOUTHERN BANK *v.* PONSELL.

The petition in this case, filed September 26, 1923, by which a depositor
sought to recover from the bank the amount of a deposit paid out on
forged checks in May, 1920, stated a cause of action; and the court did
not err in overruling the demurrer.

DECIDED DECEMBER 11, 1924.

Complaint; from city court of Savannah—Judge Rourke.  June
2, 1924.

The demurrer was on the following grounds:  (1) No cause of
action is set forth.  (2) The petition shows that the petitioner
received a statement of her account and the alleged forged checks
more than sixty days before she notified the defendant that the
checks were forged.  (3) The petition shows that the petitioner
deliberately refrained from notifying the defendant that the checks
against her account were forgeries for more than three years after
she came into possession of the checks and recognized them as
forgeries.  (4) The petition fails to set forth any fact justifying
the failure of the petitioner to notify the defendant that the checks
were forgeries.

*Hitch, Denmark & Lovett,* for plaintiff in error, cited:  Banking
Act of 1919, art. 19, sec. 44 (Ga. L. 1919, p. 209; Park's Ann.
Code Supp. (1922), vol. 8, § 2280(rr)); Words & Phr. 3117;
17 Ill. 253-4; 1 Pac. 271; 9 Enc. Pl. & Pr. 684; 7 Corp. Jur. 687;
132 Mass. 156, 158; 81 *Ga.* 597; 117 U. S. 96.

*Farr & Powell, W. H. Bedgood,* contra, cited:  Civil Code
(1910), § 3496; 128 *Ga.* 577, 580; 12 *Ga. App.* 488; 126 *Ga.* 136;
52 *Ga.* 494; 13 *Ga. App.* 793; 85 *Ga.* 293; 156 *Ga.* 65; 17 *Ga. App.*
572; 114 *Ga.* 683; 81 *Ga.* 600 (distinguished); 117 U. S. 96
(distinguished); Act of 1919, supra.

PER CURIAM.  The petition of Mrs. D. B. Ponsell against the
Citizens and Southern Bank is substantially as follows:  On May
7, 1920, Mrs. Ponsell deposited $1500 to her credit in the defend-
ant bank.  From May 8 to May 26, 1920, the bank paid out her
entire deposit on forged checks.  She received no notice of the
status of her account, and knew nothing of it, "until, by the merest
accident," in or about the latter part of August or the first part of
September, 1920, she discovered for the first time, "while looking
through some old papers," the statement of her account with the
bank, together with the checks.  "To her counsel only did she

13

make known the fact of such forged checks against her said account some two or three months ago." (The petition was filed September 26, 1923.) The reason she did not immediately notify the bank of such forgeries after the discovery of said checks in the latter part of August or the first part of September, 1920, was that her husband, who had forged the checks to pay his individual indebtedness, was continuously drunk, and had repeatedly threatened her life and the lives of her children, and she was afraid that he would carry out his threats if she exposed his forgeries. Only after the husband had abandoned her did she think of making demand for her money. On September 6, 1923, she personally demanded her said deposit, and the defendant refused payment. Plaintiff never checked against her account, nor did she ever authorize any one else to sign her name to any check, draft, or order for the payment of money out of her account. *Held:* The demurrer to the petition was properly overruled.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

LUKE, J., dissenting. It appearing from the petition that the depositor failed to notify the bank for approximately two years and nine months after she knew that the deposit sued for had been drawn out by her husband on checks forged by him, her long silence, in my opinion, estopped her from recovering the amount of such deposit from the bank, and the defendant's general demurrer to the petition was good. See Leather Manufacturers' National Bank v. Morgan, 117 U. S. 122 (29 Law ed. 811, 6 Sup. Ct. 657); McNeely Co. v. Bank of North America, 221 Pa. 588 (70 Atl. 891, 20 L. R. A. (N. S.) 79); and see also, in this connection, *Atlanta National Bank* v. *Burke,* 81 *Ga.* 597 (7 S. E. 738, 2 L. R. A. 96).