*E. H. George,* for plaintiff in error.

*M. C. Few,* contra. .

---

### 16045.  SAMPLES *v.* MILTON COUNTY BANK.

1. The expression "forged check," as used in section 44 of article 19 of the banking act, approved August 16, 1919 (Ga. L. 1919, p. 135, 209), applies only to a check created as a result of a criminal act of forgery, and does not apply to a check to which one's name as maker or drawer is signed by another, who purports to act as the agent for the maker or drawer, although no such authority exists.

2. Under the undisputed facts the plaintiff is not, as a matter of law, estopped, irrespective of the provisions of the above-cited act, from repudiating the act of the alleged agent in signing the plaintiff's name to the checks without authority.

DECIDED AUGUST 20, 1925.

Appeal; from Milton superior court—Judge Blair. October 18, 1924.

Mrs. N. B. Samples brought suit against the Milton County Bank for a certain sum of money which she had deposited in the bank. The defendant denied liability and specifically pleaded that the money sued for had been withdrawn by checks bearing the plaintiff's signature as drawer, which checks, marked cancelled and paid, had been returned to her by mail, and that, there being no protest or complaint by her within more than sixty days after the return of the checks, she was estopped from asserting any claim against the bank. The defendant alleged that it believed that

the name of the plaintiff was signed to the checks by her authority, and that the checks were thus cashed in good faith.

It appears, from the evidence, that the plaintiff's name was signed to certain of the checks by her husband, and that the bank cashed the checks for him, knowing that the signature was not the genuine signature of the plaintiff, but that the husband, purporting to act for the plaintiff, had signed her name thereto. They were signed "Mrs. N. B. Samples, by N. B. Samples." The plaintiff denied that her husband had authority to sign her name to the checks. It further appears from the evidence that the checks cashed by the husband were marked paid, and were returned to the plaintiff by mail, with a statement of her account, and that she did not notify the bank of any lack of authority in her husband to sign her name to the checks until nine months after the cancelled vouchers had been mailed to her, and after her husband had died.

A verdict was found for the defendant.

*J. P. Brooke,* for plaintiff.

*George F. Gober, G. B. Walker,* for defendant.

STEPHENS, J. (After stating the foregoing facts.) 1. The judge, in his charge, instructed the jury that "No bank that in good faith has paid, and charged to the account of a depositor, any money on any forged or raised check issued in the name of the depositor shall be liable to such depositor for the amount paid thereon, unless, within sixty days after the return to the depositor of the voucher representing such payment (a voucher would be a check), the depositor shall notify the bank that the check so paid was forged or raised." This language is taken from section 44 of article 19 of the banking act, approved August 16, 1919 (Ga. L. 1919, pp. 135, 209). Continuing, the court instructed the jury that "A forged check, within the meaning of this particular statute, is a check drawn in the name of any person without the authority of such person. To illustrate, as applied to the plaintiff here, if some one signed her name to a check, and it was done without authority from her, then, within the meaning of this particular statute, that would be a forged check, and it would be incumbent upon the plaintiff, within sixty days after receipt of the notice of the payment of this check from the bank to the plaintiff, to make complaint to the bank; and failure to do so would be a bar there-

SAMPLES v. MILTON COUNTY BANK.

after from asserting any claim against the bank on account of such payment." The plaintiff excepts to the charge, upon the ground that the checks in question were not forged checks, and that, therefore, this provision of the banking act is not applicable.

This provision of the banking act is, in a sense, punitive. It penalizes the depositor and deprives him of a right, which he would otherwise have against the bank, to repudiate a forged or raised check. This penalty, under the terms of this section, may be enforced against the depositor without actual notice to him of the fact that the bank had cashed and charged against his account such a check. Since a sufficient notice under the act may be given to the depositor "by mailing to such depositor at his last known address," it is possible that the depositor may not receive actual notice, and, without actual notice, may be deprived of his right to hold the bank liable for cashing and charging against his account a forged or raised check.

Since statutes which are penal in their nature, and which abridge and curtail private rights and remedies, must be strictly construed, and since legal terms must, when used in a legislative act, unless the context demands otherwise, be construed in their legal sense, a "forged" check, as this term is used in the act, will be construed as referring to a check which is the result of an act of forgery, as defined in the criminal statutes. *Johnson* v. *Bradstreet Co.*, 87 *Ga.* 79, 82 (13 S. E. 250) ; Black on Interpretation of Laws, p. 130 ; Lewis' Sutherland on Statutory Construction, Vol. II (25 ed.), § 398. "To constitute forgery, the writing must purport to be the writing of another than the person making it. . . Where one executes an instrument purporting on its face to be executed by him as the agent of the principal, he is not guilty of forgery, although he has in fact no authority from such principal to execute the same. This is not the false making of the instrument, but merely a false and fraudulent assumption of authority. The essence of forgery is the making of a false writing, with the intent that it shall be received as the act of another than the party signing it; and where it appears that it could not have been intended that the false writing should be received as other than what it purports to be, the maker may be guilty of cheating and swindling, but can not be guilty of forgery." *Barron* v. *State,* 12 *Ga. App.* 342 (7) (77 S. E. 214).

It appearing, from the .evidence, that the checks drawn by the plaintiff's husband in her name were not forged checks, the above-quoted excerpts from the charge of the court were error.

2. Under the undisputed facts, the plaintiff was not, irrespective of the above provision of the banking act, as a matter of law estopped from repudiating her husband's act in signing her name to the checks. The verdict found for the defendant, therefore, was not demanded.

The court erred in overruling the plaintiff's motion for a new trial. *Judgment reversed. Jenkins, P. J., and Bell, J., concur.*