16868. PONSELL v. CITIZENS & SOUTHERN BANK.

JENKINS, P. J. 1. "It is well settled that if the court upon demurrer holds that the petition sets forth a cause of action, this decision, so long as it stands unreversed, is res adjudicata in the subsequent stages of the case. *Kimbro* v. *Railway Co.*, 56 *Ga.* 187; *Turner* v. *Oates*, 90 *Ga.* 742 (2) (16 S. E. 971); *Ellis* v. *Almand*, 115 *Ga.* 336 (2) (41 S. E. 642); *Ga. Northern Ry. Co.* v. *Hutchins*, 119 *Ga.* 505 (46 S. E. 659). It has also been held that a judgment on demurrer, until reversed, concludes the parties on all questions necessarily involved in the decision. *Ga. Northern Ry. Co.* v. *Hutchins*, supra. It would seem to follow from this that it would not conclude upon any question not necessarily involved in the decision on the demurrer." *McElmurray* v. *Blodgett*, 120 *Ga.* 9, 15 (47 S. E. 531).

2. When this case was before this court on exceptions to the overruling of the general demurrer (*Citizens and Southern Bank* v. *Ponsell*, 33 *Ga. App.* 193, 125 S. E. 775), the effect of the ruling was that the trial court would not have been authorized to hold that the reasons assigned by the plaintiff in exculpation of her failure to notify the defendant bank that the checks paid by it on her account were forgeries, within 60 days after the return to her of the vouchers representing such payments, as required by the banking act of 1919 (Ga. L. 1919, p. 209),

---

Appeal and Error, 4 C. J. p. 1108, n. 74.
Banks and Banking, 7 C. J. p. 667, n. 3 New; p. 670, n. 42; p. 687, n. 99.
Courts, 15 C. J. p. 963, n. 45.
Judgments, 34 C. J. p. 799, n. 78.

were not inadequate as a matter of law. The previous ruling of this court did not go to the extent of holding that the circumstances pleaded in extenuation of such failure on the part of the plaintiff were necessarily such as would relieve her from the penalty prescribed. While it is true that the statute charges the depositor with a duty of notifying, it does not undertake to say what facts or circumstances, if any, would be sufficient to obviate the penalty of such dereliction. And, under the former decision, it is for the jury to say whether the facts pleaded and proved by the plaintiff, in exculpation of her dereliction, were such as would absolve her from the penalty prescribed. Consequently, the overruling of the demurrer to the petition does not mean that the plaintiff is absolutely entitled to recover if she proves her case as laid; for a general demurrer should be overruled in an action based on facts and circumstances justifying the plaintiff's admitted negligence when the jury, from the facts alleged, would be authorized to infer a justification for negligence, though they would not be bound to do so. See *McDuffie v. Ocean Steamship Co.*, 5 *Ga. App.* 125, 129 (62 S. E. 1008).

3. The jury, under instructions of the court fairly submitting such question, having found that the facts and circumstances alleged and proved were not sufficient to justify the failure to give the notice as required by the statute, this court is not authorized to set their finding aside on the theory that the verdict is in conflict with the previous ruling of this court. Moreover, the plaintiff has not made it to appear by the proof submitted that the notice finally given to the bank, nearly three years after knowledge of the alleged forgeries by the plaintiff's husband, was within 60 days from the time that the husband abandoned the plaintiff and left the State. Consequently, the proof submitted by the plaintiff in justification of her neglect to comply with the terms of the statute, consisting of duress on the part of her husband while living with her, might for this reason have been inadequate, and the verdict in favor of the defendant could be sustained also on that theory.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MAY 15, 1926.

Action for money had and received; from city court of Savannah—Judge Rourke. September 11, 1925.

*Farr & Powell, W. H. Bedgood, Conyers & Gowen,* for plaintiff. *Hitch, Denmark & Lovett,* for defendant.