30469. WHITE, administrator, *v.* GEORGIA RAILROAD BANK & TRUST COMPANY *et al.*

DECIDED MAY 6, 1944.

*Pierce Brothers,* for plaintiff.

*Cumming, Harper & Nixon, Osgood O. Williams, Hawes Cloud,* for defendants.

SUTTON, P. J. This case was transferred to this court by the Supreme Court. See *White* v. *Georgia Railroad Bank & Trust Co.,* 197 *Ga.* 238 (28 S. E. 2d, 858). The petition was brought by H. F. White as administrator of the estate of Ed White, deceased, against the Georgia Railroad Bank & Trust Company, the Farmers Bank, and T. E. Beazley, and alleged, in substance, that the Georgia Railroad Bank & Trust Company was a corporation with an office and place of business in Richmond County; that the Farmers Bank was a corporation with an office and place of business in Greene County; and that T. E. Beazley was a resident of Taliaferro County; that on May 12, 1930, Ed White commenced making deposits in the savings department of the Georgia Railroad Bank & Trust Company and that between that date and the time of his death on March 31, 1941, he deposited $7247.33 in said bank; that on March 28, 1941, Beazley took to the Farmers Bank one of its blank checks, which purported to bear the signature of Ed White, and thereupon the Farmers Bank inserted with a typewriter the name of T. E. Beazley and filled out the check with their check protector for the sum of $7000; that at the time the check was purported to have been signed, Ed White was on his death bed, and died three days later; that he was not in his right mind and was not physically or mentally in condition to transact any business; that the name of Ed White was written on the check by Beazley by holding the hand of Ed White and guiding it; that

the signature of Ed White was not written by him and was not his act, and Beazley knew it was not his signature when he took the check to the bank; that the Farmers Bank also knew the check did not bear the signature of Ed White, but aided Beazley in sending the same to the Georgia Railroad Bank & Trust Company for collection, and when same was received by the drawee bank, that bank knew the signature was not that of Ed White, but nevertheless paid the check; that the Georgia Railroad Bank & Trust Company was grossly negligent in paying the check, when, by proper investigation, it would have ascertained the physical and mental condition of Ed White, and such investigation would also have developed that the signature was not the genuine signature of Ed White; that the signature on the check was such a scrawl as to put the Georgia Railroad Bank & Trust Company on notice that the same was not the genuine check of Ed White; that there appears on the check a notation "phoned Beazley" and this within itself shows that the suspicions of the drawee bank were aroused, and had it thoroughly investigated the conditions surrounding the drawing of the check, it would have found out the truth with reference thereto; that the Georgia Railroad Bank & Trust Company, the Farmers Bank, and T. E. Beazley acted jointly and in cooperation with each other in withdrawing the $7000 which the Georgia Railroad Bank & Trust Company had on deposit to the credit of Ed White; that the check was the only one that had ever been charged to the account, and by reason of this fact, it was incumbent upon the drawee bank to exercise care and caution to investigate and be sure that a check of that amount was genuine; but that it wholly failed to do so, and paid out practically the full amount standing to the credit of Ed White on a check which was not his act and deed. An itemized statement of the deposits was contained in the petition and the purported check was attached as an exhibit. The prayers were for a judgment against the defendants in the sum of $7247.33, together with interest; that the defendants be required to restore the sum of $7000 to the credit of Ed White in the Georgia Railroad Bank & Trust Company, and thereupon that the Georgia Railroad Bank & Trust Company be required to pay the entire amount on deposit to the petitioner as administrator of Ed White's estate; that second originals be served on the non-resident defendants; and for process and general relief.

The Georgia Railroad Bank & Trust Company demurred to the petition upon the ground, "That there is no cause of action set forth, for that the petition shows on its face that the plaintiff's intestate, Ed White, signed the check in the amount of seven thousand (7000.00) dollars, to recover which the suit is brought, and that there is no allegation of knowledge of this defendant that the said Ed White did not have the capacity to sign a check on his account in this defendant's bank." The court sustained this demurrer and dismissed the petition as to the Georgia Railroad Bank & Trust Company, and the exception here is to that judgment.

■ A deposit of money in a bank on general deposit creates the relation of debtor and creditor between the bank and the depositor (*McGregor* v. *Battle,* 128 *Ga.* 577, 58 S. E. 28, 13 L. R. A. (N. S.) 185; *American Surety Co.* v. *Peoples Bank,* 55 *Ga. App.* 28, 189 S. E. 414); and the bank can discharge its liability to a general depositor only by paying the money to the depositor, or as directed by him. *Federal Deposit Insurance Corp.* v. *Thompson,* 54 *Ga. App.* 611 (188 S. E. 737). The bank can not discharge its liability by accepting and paying forged checks drawn in the name of the depositor against the bank. *Cairo Banking Co.* v. *West,* 187 *Ga.* 666 (2 S. E. 2d, 91, 121 A. L. R. 1048). The bank is bound to know the signatures of its customers, and it can not legally charge an amount paid on a forged check to the account of the depositor whose name was forged, but it must be considered as making the payment out of its own funds. *Federal Deposit Insurance Corp.* v. *Thompson,* supra. Also, see *Atlanta National Bank* v. *Burke,* 81 *Ga.* 597 (7 S. E. 738, 2 L. R. A. 96); *Georgia Railroad & Banking Co.* v. *Love &c. Society,* 85 *Ga.* 293 (11 S. E. 616). In the present case, the defendant in error contends that the petition failed to allege that the check was forged, and contends that the petition shows on its face that Ed White executed the check. The petition alleged that "Ed White was not in his right mind and was not physically or mentally in condition to transact any business . . that the name of Ed White was written on said check by T. E. Beazley by his holding the hand of said Ed White and guiding it . . that said signature of Ed White was not written by him and was not his act . . and deed." It was held by the Supreme Court in *Chestnut* v. *Weeks,* 183 *Ga.* 367, 371 (188 S. E. 714), that, where a physician administered a strong

■

narcotic to a patient, whereby such patient became insane and void of all mental capacity, and placed a deed before the patient and held the patient's hand and traced her signature to the deed, the signing of the deed under such circumstances was not the act of the patient, but was in substance a forgery, and the paper in so far as it purported to convey title was void. If the signature on the check in the present case was not the act and deed of Ed White, but was the act and deed of T. E. Beazley, who wrote the name of Ed White thereon by holding the hand of Ed White while Ed White did not have knowledge of what he was doing because of his mental and physical condition, the check was in effect a forgery. The allegations of the petition were sufficient to charge that the check in question was a forgery.

■ But the defendant in error contends that, under the provisions of the Code, § 13-2044, which provides: "No bank which in good faith has paid, and charged to the account of a depositor, any money on a forged or raised check issued in the name of the depositor shall be liable to said depositor for the amount paid thereon, unless, (1) within 60 days after the return to the depositor of the voucher representing such payment, the depositor shall notify the bank that the check so paid was forged or raised, or, (2) in the event the voucher has not been returned to the depositor, within 60 days after notice shall have been given by the bank to the depositor to have his pass book balanced and to call for his vouchers. The notice herein referred to may be given by mail to said depositor at his last known address;" the petition fails to set out a cause of action for that neither compliance with, nor the impossibility to comply with said section, is alleged in the petition. This provision of the banking law is punitive in its nature, and penalizes the depositor by depriving him of a right, which otherwise he would have against the bank, to repudiate a forged check. The statute being punitive in its nature, and tending to abridge and curtail the rights and remedies of the depositor against whom a check has been forged, must be strictly construed. *Samples* v. *Milton County Bank,* 34 *Ga. App.* 248, 250 (129 .S. E. 170). The petition alleges that Ed White was on his death bed, and was not in his right mind and was not physically or mentally in condition to transact any business at the time the check was signed under the circumstances above set out, and that he died three days later.

Certainly, under the allegations of the petition, it was not possible for Ed White to have given the bank notice of the check, or that he ever knew said check was issued or paid. While it is true that the statute charges the depositor with a duty of notifying the bank of a forgery within 60 days after the return to the depositor of the vouchers representing such payment, it does not undertake to say what facts or circumstances, if any, would be sufficient to obviate the penalty of such dereliction, and, ordinarily, it is for the jury to say whether the facts pleaded by a plaintiff are such as would absolve him from the penalty prescribed for failure to give such notice. *Ponsell* v. *Citizens & Southern Bank*, 35 *Ga. App.* 460 (2) (133 S. E. 351) ; *Citizens & Southern Bank* v. *Ponsell*, 33 *Ga. App.* 193 (125 S. E. 775). Furthermore, before a bank is entitled to the notice prescribed by the Code, § 13-2044, it must appear that the bank "in good faith has paid, and charged to the account of the depositor" money on a forged or raised check. The petition alleged that all of the defendants acted jointly in withdrawing the money, that the signature on the check was a mere scrawl and was not the signature of Ed White, that it was the only check to be drawn against the account in nearly 11 years, and that there was noted on the check a notation "phoned Beazley" which it was alleged showed that the suspicions of the Georgia Railroad Bank & Trust Company were aroused. Under the allegations of the petition it is a question for a jury to determine whether or not the plaintiff was or should be excused from giving the notice referred to, and whether the Georgia Railroad Bank & Trust Company acted in good faith in cashing the check.

■ The petition set out a cause of action, and the court erred in sustaining the general demurrer of the Georgia Railroad Bank & Trust Company, and in dismissing the petition as to that defendant.

*Judgment reversed. Felton and Parker, JJ., concur.*