35048.   CESARONI, Executor, *v.* SAVANNAH BANK & TRUST COMPANY

Decided May 7, 1954.

*Robert E. Falligant,* for plaintiff in error.

*James P. Houlihan, Jr., Connerat, Dunn, Hunter, Cubbedge & Houlihan,* contra.

NICHOLS, J. Code § 13-2044, so far as here applicable, provides: "No bank which in good faith has paid, and charged to the account of a depositor, any money on a forged or raised check issued in the name of the depositor shall be liable to said depositor for the amount paid thereon, unless, (1) within 60 days after the return to the depositor of the voucher representing such payment, the depositor shall notify the bank that the check so paid was forged or raised."

There is nothing in the petition to indicate that the bank had paid the checks in question other than in good faith. The last check was forged by Collins on December 29, 1951, and notice was not given to the bank until some time after Cesaroni's death in August, 1952. Statements with vouchers or canceled checks were alleged to have been secured by Collins from the bank each month. Collins, the employee of the firm employed by Cesaroni to examine his statements and checks, and to keep and audit his books, must have received the statements on behalf of Cesaroni. The vouchers or canceled checks showing the forgeries were also returned, but it is alleged that Collins removed the checks forged to conceal his withdrawal of funds from Cesaroni's account. The petition does not show compliance with the statutory provision for notice to the bank within 60 days from the return of the forged checks.

Are facts alleged showing a reason which a jury would be authorized to find sufficient to excuse Cesaroni's failure to notify the bank of the forgeries? In *Citizens' &c. Bank* v. *Ponsell,* 33 *Ga. App.* 193 (125 S. E. 775), it was held that alleged duress by a husband who had forged checks on his wife's account was an excuse for his wife's failure to expose his forgery. And in *White* v. *Georgia Railroad Bank &c. Co.,* 71 *Ga. App.* 78 (30 S. E. 2d 118), the fact that the depositor whose name had been forged to a check died three days after the check had been forged was held to be sufficient reason for not complying with the statute.

The alleged facts relied upon in this case are that the forgery was committed by an employee of the depositor, who by his position had unusual opportunities to impose forged checks on the

bank and to conceal knowledge of the forgery from the depositor. Collins, the forger, was the employee indirectly delegated by Cesaroni to examine the statements and canceled checks which would have shown the forgery. But if the only means used to conceal the forged checks from Cesaroni was to remove them, a casual comparison of the remaining checks with the items shown as paid on the statement would have shown a discrepancy. And if, as alleged, Cesaroni employed the same firm "to audit his affairs" as he employed to keep his books, it would seem that the only excuse offered for his failure to discover the forgeries and to notify the bank thereof was his own neglect.

"Where one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury shall bear the loss." Code § 37-113. Although the bank is bound to know its depositor's signature, Code § 13-2044 imposes a duty upon the depositor as well, to examine his statements and canceled checks within 60 days from their return to him, so as to prevent a series of forgeries over a period of time. Whether Cesaroni was chargeable with Collins' knowledge of either the forgery or of what the statements and vouchers would have shown is unnecessary to decide. Cesaroni was at least chargeable with knowledge of such facts as an honest agent would have acquired from an impartial examination of his statements and books. Cesaroni's failure to obtain actual knowledge of the forgeries, through the dishonest concealment of Collins, the forger, cannot be laid to the defendant bank so as to shift the loss to it. See 9 C.J.S. 745, § 356 d (2); 7 Am. Jur. 413, § 574; Id. 370, § 515; 15 A.L.R. 163; 67 A.L.R. 1124; 103 A.L.R. 1148.

Since the petition failed to show either compliance or facts excusing compliance with Code § 13-2044 on the part of the deceased depositor, the court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*