38523.   G. FRANKLYN FISCHER & ASSOCIATES, INC. v. FIRST NATIONAL BANK OF ATLANTA.

DECIDED OCTOBER 11, 1960.

*Nall, Miller, Cadenhead & Dennis, Robert E. Hicks, Earl J. Van Gerpen,* for plaintiff in error.

*Moise, Post & Gardner, R. Emerson Gardner, McChesney H. Jeffries,* contra.

NICHOLS, Judge. No contention is made that the allegations of the petition show that the plaintiff complied with Code § 13-2044 so as to authorize a recovery thereunder, and the sole contention made is that sufficient facts are alleged in the petition to excuse the plaintiff from having to comply with such section. Under the decision of this court in the case of *White v. Georgia R. Bank &c. Co.,* 71 Ga. App. 78 (30 S. E. 2d 118), and the cases there cited, there are circumstances wherein the notice referred to in such Code section need not be given, and it is only when a bank has *in good faith* paid a forged check that it is entitled to such notice.

In the case of *Cesaroni v. Savannah Bank &c. Co.,* 90 Ga. App. 107 (82 S. E. 2d 172), it was held that: "The fact that the forgeries were committed and concealed by a person whom the depositor entrusted to examine his statements and vouchers was not sufficient to excuse the depositor from giving such notice [the notice provided for by Code § 13-2044] to the bank." In *Citizens &c. Bank v. Ponsell,* 33 Ga. App. 193 (125 S. E. 775), it was held that duress by a husband who had forged checks on his wife's account was an excuse for the wife's failure to so notify the bank and expose the forgery. Such case was decided on demurrer, and after trial and a verdict for the bank, the judgment of the trial court overruling the plaintiff's motion for new trial was affirmed by this court (*Ponsell v. Citizens &c. Bank,* 35 Ga. App. 460, 133 S. E. 351).

In *Samples v. Milton County Bank,* 34 Ga. App. 248 (129 S. E. 170), it was held that, in order to require of a depositor the notice referred to in Code § 13-2044, supra, the check paid must be a forgery as contemplated by the criminal statutes, but where a bank paid money from a depositor's account because it believed the person obtaining the funds was authorized by the depositor to do so, Code § 13-2033, supra, was not applicable, and no notice was required in order to hold the bank liable. In the absence of Code § 13-2044 the good faith or bad faith of the bank is immaterial and the liability of the bank to the depositor for the amount of the depositor's account

can only be discharged by payment to, or on the order of, the depositor.

Therefore it is seen that there are two circumstances where such notice is not a prerequisite to a recovery, (1) where the bank has not paid the forged or raised check out of the depositor's account in good faith, and (2) where the depositor for other sufficient reason is relieved from giving such notice.

The plaintiff in the present case does not contend that it had sufficient reason for failing to give such notice other than the lack of good faith by the bank in paying such forged checks. The plaintiff alleged that the bank account was opened about April 7, 1956, that only two "authorized" signatures were given the defendant, that thereafter deposits and withdrawals were made, that on or about August 18, 1958, the plaintiff, by its president, notified the defendant bank that it had been paying checks from the plaintiff's account on forged signatures, that on August 18, 1958, the defendant bank agreed "to be careful and see that the signature card would be followed precisely and not pay any more forged checks," that after so notifying the plaintiff and after obtaining the plaintiff's confidence that no more forged checks would be paid the defendant bank continued to pay forged checks.

The *bad faith*, or *lack of good faith*, on the part of the bank relied on by the plaintiff was the paying of the forged checks from the plaintiff's account after having its attorney write the plaintiff a letter, attached as an exhibit, which contained the following language: "The bank has never intended to fail to follow your signature card, and will do the very best it can to follow it precisely. . . I am certain that the bank will exert every effort to protect your account. This letter was written on August 18, 1958, at a time after 478 of the 529 checks sued on had already been paid and of course the purported 'lack of good faith' in paying such checks after lulling the petitioner into the belief that the defendant would follow the signature card precisely after petitioner gave notice of the forgeries" would not and could not refer to such 478 checks, and must be limited to the remaining 51 checks shown on the exhibit attached to the petition.

570

Was the promise made by the bank, through its attorney, to try and follow the plaintiff's signature card precisely, followed by the paying of 51 checks over a period of 7 months such a "lack of good faith" as to relieve the plaintiff from giving the notice otherwise required by Code § 13-2044, supra? The letter written to the plaintiff promised no more than was required of the bank had the letter never been written. In the absence of Code § 13-2044, supra, with or without the letter, the liability of the bank was absolute, but with the enactment of Code § 13-2044 a duty was placed on all depositors to notify the bank within a given period of time of forged checks being charged against the depositors' accounts. The letter written to the plaintiff in the present case did not relieve the plaintiff from its duty to examine its statements and canceled checks within 60 days after they were returned by the bank so as to prevent a series of forgeries over a period of time. *Cesaroni v. Savannah Bank &c. Co.*, 90 Ga. App. 107, supra.

The petition does not show that the forged checks were not paid in good faith nor does it show any other sufficient reason to excuse the plaintiff from giving the defendant bank the notice required by Code § 13-2044, supra, and the trial court did not err in sustaining the general demurrers to the plaintiff's petition.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*