## 40321. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA v. FULTON NATIONAL BANK.
## 40322. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA v. FIRST NATIONAL BANK OF ATLANTA.

EBERHARDT, Judge. The plaintiff in these cases is the alleged assignee of Interstate Securities Corporation. The suit was brought on various checks which had been drawn by authorized persons but whose indorsements were forged. The checks were drawn during 1957 and 1958.[1] On September 17, 1958, Interstate notified the defendant banks of "some irregularities" in connection with customer accounts, stating that the genuineness of indorsements on "various checks" had been questioned.[2] On December 17, 1959, the banks were sent a detailed notice, including attached photocopies of the checks in question. The banks' renewed demurrers to the amended petitions were sustained. *Held:*

---

[1]Between January 23, 1957, and August 6, 1958, as to Fulton National and on March 31 and July 8, 1958, as to First National.

[2]The letter in pertinent part reads: "It has been determined that there are some irregularities in connection with a few of the customer accounts handled by . . . [Interstate].

"Preliminary examination of these accounts discloses that various checks were deposited in your bank and some question has been raised as to the genuineness of the signature constituting the endorsements. An audit of these accounts is being made now, and until this audit is completed, the exact amount of money represented by the checks in question cannot be established.

"However, since there is some possible liability on the part of your bank, the officials of [Interstate] felt it proper to advise you of the situation at this time. Please have your representative contact our Atlanta office if you would like to receive any detailed information, prior to the completion of the audit."

The controlling question here is whether the plaintiff complied with *Code Ann.* § 13-2052[3] providing, inter alia, that "No bank which has in good faith paid a check bearing a forged or unauthorized indorsement shall be liable to any person for such payment . . . unless within one year after such payment[4] . . . the drawer of said check or some subsequent indorser or holder thereof shall notify such bank in writing that said check bore a forged or unauthorized indorsement."

Even if the statute is strictly construed and does not enumerate the situations where notice is obviated, see *Citizens &c. Bank v. Ponsell*, 33 Ga. App. 193 (125 SE 775), *White v. Georgia R. &c. Co.*, 71 Ga. App. 78 (30 SE2d 118), Annot., 50 ALR2d 1115, we do not see how the letter of September 17, 1958, could constitute the requisite notice. No specific checks, payees, dates or other data is supplied nor is even the gross amount involved mentioned. There is no definitive statement that any checks bore forged indorsements, "some question" only having been raised. As to Fulton National, the letter refers to checks having been "deposited in your bank," when many of them were actually deposited in other banks. In short, there is virtually nothing in the letter to put the defendant banks on notice as to what checks they would possibly be liable for.

The cases cited by the banks, Flaherty v. Bank of Kimball, 75 SD 468 (68 NW2d 105), and American Bldg. Maint. Co. v. Federation Bank &c. Co., 213 FSupp. 412 (SD NY), deal with similar statutes, though the provisions are not identical. They are persuasive in arriving at our conclusion.

---

[3]The UCC § 109a-4-406 (4) as amended (Ga. L. 1963, p. 193) modifies this statute somewhat but carries forward the one-year limitation.

[4]There is a further provision in this Code section that "the liability of any bank in paying a check bearing a forged payee's indorsement, when said check is drawn on the bank so paying, shall continue until one year after a statement, which includes the check on which the payee's indorsement was forged, has been rendered to the customer drawing said check." The question of whether this has the effect of extending the time for giving notice is not raised here, nor does it affect the result, for, in any event the notice here was insufficient.

*Judgments affirmed.   Felton, C. J., and Russell, J., concur.*
DECIDED SEPTEMBER 20, 1963.

*Nall, Miller, Cadenhead & Dennis, Douglas Dennis,* for plaintiff in error.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, D. F. McClatchey, Barry Phillips, King & Spalding, Henry Hall Ware, III,* contra.