43687.   SAMPLES v. TRUST COMPANY OF GEORGIA.

ARGUED JUNE 4, 1968—DECIDED SEPTEMBER 4, 1968.

*D. W. Rolader,* for appellant.

*Edward H. Robertson,* for appellee.

BELL, Presiding Judge. "Unless excused . . . notice of any dishonor is necessary to charge any indorser." *Code Ann.* § 109A-3—501 (2). "Any necessary notice must be given by a bank before its midnight deadline." *Code Ann.* § 109A-3—508 (2). That is, "midnight on its next banking day following the banking day on which it receives the relevant item." *Code Ann.* § 109A-4—104 (h). "Where without excuse any necessary presentment or notice of dishonor is delayed beyond the time when it is due . . . any indorser is discharged." *Code Ann.* § 109A-3—502 (1). "Delay by a . . . payor bank beyond time limits prescribed or permitted by this Act or by instructions is excused if caused by interruption of communication facilities, suspension of payments by another bank, war, emergency conditions or other circumstances beyond the control of the bank provided it exercises such diligence as the circumstances require." *Code Ann.* § 109A-4—108. The plaintiff bank's failure to give notice of dishonor within the prescribed time was not due to "circumstances beyond the control of the bank" and was not excused by any provision of the Code, but was due to the bank's error in mistaking the signature on a check drawn on a fictitious account for the signature of one of its customers with a similar name. A bank is bound to know the signatures of its depositors. *Federal Deposit Ins. Corp. v. Thompson,* 54 Ga. App. 611, 615 (188 SE 737); *White v. Georgia R. Bank &c. Co.,* 71 Ga. App. 78, 81 (30 SE2d 118). *Code Ann.* § 109A-4—302 also demands a reversal. That section provides: "In the absence of a valid defense such as breach of a presentment warranty . . . settlement effected or the like, if an item is presented on and received by a payor bank the bank is accountable for the amount of . . . a demand item other than a documentary draft whether properly payable or not if the bank . . . does not pay or return the item or send notice of dishonor until after its midnight deadline."

The trial court erred in rendering judgment for the plaintiff bank.

*Judgment reversed. Hall and Quillian, JJ., concur.*