44092. BANK OF THOMAS COUNTY v. DEKLE.

ARGUED JANUARY 13, 1969—DECIDED MAY 13, 1969—
REHEARING DENIED JUNE 2, 1969—

*Charles F. Johnson,* for appellant.
*Marcus B. Calhoun,* for appellee.

JORDAN, Presiding Judge. Former *Code* § 13-2044, in effect before January 1, 1964, provides that "No bank which in good faith has paid, and charged to the account of a depositor, any money on a forged or raised check issued in the name of the depositor shall be liable to said depositor for the amount paid thereon, unless, (1) within 60 days after the return to the depositor of the voucher representing such payment, the depositor shall notify the bank that the check so paid was forged or raised, or, (2) in the event the voucher has not been returned to the depositor, within 60 days after notice shall have been given by the bank to the depositor to have his pass book balanced and to call for his vouchers. The notice herein referred to may be given by mail to said depositor at his last known address."

The Uniform Commercial Code, which became effective on January 1, 1964, provides in pertinent part that "(1) When a bank sends to its customer a statement of account accompanied by items paid in good faith in support of the debit entries or holds the statement and items pursuant to a request or instructions of its customer or otherwise in a reasonable manner makes the statement and items available to the customer, the customer must exercise reasonable care and promptness to examine the statement and items to discover his unauthorized signature or any alteration on an item and must notify the bank promptly after discovery thereof. . .

"(4) Without regard to care or lack of care of either the customer or the bank

"(a) a customer who does not within 60 days from the time the statement and items are made available to the customer (subsection (1)) discover and report his unauthorized signature or any alteration on the face of the item is precluded from asserting against the bank such unauthorized signature or alteration; and

"(b) a customer who does not within one year from the time the statement and items are made available to the customer (subsection (1)) discover and report any alteration on the back of the item or any unauthorized indorsement is precluded from asserting against the bank such alteration or unauthorized indorsement." Ga. L. 1962, pp. 156, 305; 1963, pp. 188, 192 (*Code Ann.* § 109A-4—406).

This court has recognized that the former statute is punitive in nature and abridges and curtails the rights and remedies of a depositor and must be strictly construed against the bank, and that ordinarily it is for a jury to say whether the facts pleaded, if proved by the depositor, are such as would absolve him from the penalty prescribed for failure to give notice. See *Samples v. Milton County Bank*, 34 Ga. App. 248, 250 (129 SE 170); *Ponsell v. Citizens &c. Bank*, 35 Ga. App. 460 (2, 3) (133 SE 351); *Citizens &c. Bank v. Ponsell*, 33 Ga. App. 193 (125 SE 775); *White v. Ga. R. Bank &c. Co.*, 71 Ga. App. 78 (2) (30 SE2d 118). The court refused to apply the statute in the *Samples* case, however, because it determined that checks patently showing the signatures of the depositor by her husband, "Mrs. N. B. Samples, by N. B. Samples" were not forgeries within the meaning of the statute. The *Ponsell* cases involved alleged duress by a husband who had forged checks on his wife's account, and her failure to expose him until he abandoned her. In the *White* case the depositor died three days after the alleged withdrawal on a forged instrument. In a later case this court, after expressly considering the *Ponsell* and *White* cases, determined that the fact that forgeries are committed and concealed by a trusted employee of the depositor affords no reason why a jury would be authorized to find that the depositor is excused from notifying the bank as required by the statute. *Cesaroni v. Savannah Bank &c. Co.*, 90 Ga. App. 107 (82 SE2d 172). Also, see *G. Franklyn Fischer & Associates v. First Nat. Bank of Atlanta*, 102 Ga. App. 567 (116 SE2d 902).

We perceive no substantial difference in the intent and purpose of former *Code* § 13-2044 and *Code Ann.* § 109A-4—406 (4) (a, b) in imposing upon a depositor the duty of notifying the bank of unauthorized signatures or alterations within specified time limits, and we regard the decisions under the former law as applicable to provide guides as to what may constitute a jury question of whether the depositor is to be excused from this duty. As to items paid in good faith by the bank the depositor must discover and report the discrepancies to the bank within the times prescribed by law after the bank furnishes or in a reasonable manner affords the depositor an opportunity to examine

the items supporting the debits to the account, or else show, at least by proof sufficient to create a jury issue, why he failed to notify the bank. Of course, in the absence of good faith, which ordinarily would be an issue for jury consideration, the depositor does not forfeit his right of recovery by failing to give notice within the prescribed time. The absence of good faith is not necessarily synonymous with negligence, however, and the present statute expressly eliminates negligence as an issue on items not within the time covered by the notice. Thus, even if the bank were negligent in paying an item not covered by the notice, and even if the depositor were negligent in not preventing or in failing to discover the payment, the absence of timely notice is absolute in protecting the bank and excluding any right of recovery by the depositor. See Uniform Commercial Code, 1962 Official Text with Comments, American Law Institute, Note 5, p. 430.

Although the *Cesaroni* case, 90 Ga. App. 107, supra, was decided on demurrer under former practice rules of strict construction favoring the bank as the proponent of the demurrer, whereas the present case is on a motion for summary judgment by the bank, imposing a burden on the bank as the movant to show the absence of a genuine issue of material fact and the right to judgment as a matter of law, we regard the *Cesaroni* case as controlling to the extent that it eliminates misplaced confidence in an employee of the depositor as an issue for jury consideration to excuse the depositor from the duty of notifying the bank, so as to allow recovery for items otherwise barred by applying the statute, and it is clear in the present case that the depositor failed to discover and report the unauthorized payments before December 5, 1964, because of his misplaced confidence in an employee. Nevertheless, the bank, in seeking a limited summary judgment on a motion tailored to the allegations of the depositor's petition, which if granted would eliminate recovery except on items paid within 60 days preceding the date of notice, apparently relies on an erroneous theory of the meaning of the former and present statutes. With respect to the 60-day provisions of the former and present law, and assuming payment in good faith, the essential controlling fact which the bank must

show to eliminate liability, as the movant for summary judgment, is that the bank furnished to the depositor the items paid, or notified the depositor that the statements and items paid were available for examination, more than 60 days before the depositor notified the bank of the unauthorized payment. In the present case it appears that the bank furnished monthly statements, and thus all items forged on the face and included in all statements furnished the depositor within 60 days preceding the notice given on December 5, 1964, regardless of the date when the bank actually paid the items, are protected if included in the depositor's notice.

The bank also apparently assumes that only the 60-day notice (*Code Ann.* § 109A-4—406 (4) (a), supra) applies to the present case, but the one-year notice (*Code Ann.* § 109A-4—406 (4) (b), supra) applies to those checks payable to the plaintiff and bearing the signature of the plaintiff on the face as the maker, which may or may not be forgeries, and which also bear the forged indorsement of the plaintiff on the reverse side, for in this situation the notice given on December 5, 1964, to the extent that it protects the depositor for items paid on forged indorsements furnished or made available to the depositor by the bank within one year preceding, is further limited by the provisions of this law making it applicable (Ga. L. 1963, pp. 188, 204; *Code Ann.* § 109A-10—101) on January 1, 1964, to all transactions entered into and events occurring thereafter. Former *Code* § 13-2044 and applicable principles of common law would apply to transactions occurring before January 1, 1964.

Thus, without resorting to a determination of good faith on the part of the bank, it is manifestly clear that the motion for a limited summary judgment by the bank is predicated on an erroneous theory of law as to those items embraced or excluded by the notice given to it by the depositor and that the motion, if granted, would exclude items as to which the depositor has preserved his right of recovery, upon proper proof, and for this reason the trial court did not err in refusing to grant a summary judgment to the bank to limit its liability.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

ON MOTION FOR REHEARING.

The bank as the movant, contends, among other things that

this court erroneously determined that the one-year notice (*Code Ann.* § 109A-4—406 (4) (b)), as limited by its effective date of January 1, 1964, is of no benefit to the depositor in respect to checks paid by the bank, which are subject also to the 60-day notice of the preceding subsection (*Code Ann.* § 109A-4—406 (4) (a)) because of the forged signature of the depositor on the face thereof as the purported maker. Viewing both subsections as superseding enactments in continuing derogation of the rights and remedies of a depositor to recover for unauthorized payments by a bank, for the reasons and under the precedent stated in the main opinion, we see no reason why the 60-day provision, which precludes the depositor after 60 days "from asserting against the bank such unauthorized signature of alteration" appearing "on the face of the item" (subsection (4) (a), supra) in any way operates to preclude the depositor within the applicable portion of the one-year period, from "asserting against the bank such alteration or indorsement" appearing "on the back of the item" (subsection (4) (b), supra) as a basis for a claim against the bank for unauthorized payments. Thus, if an item meets the test of both situations, i.e., a forgery on the face, and also bears a forged indorsement on the back, the depositor can rely only on the forgery on the face of the items if he notifies the bank within 60 days after the instrument is made available for his examination, but he can still rely on the forged indorsement on the back of the item as a basis for unauthorized payment if he gives the notice within the applicable one-year period. Under the facts disclosed in the present case we cannot say, as a matter of law, that the bank paid the items solely on account of the forgeries on the face of the items, or that the bank is entitled to a summary judgment except for the unauthorized payments made during the 60 days immediately preceding the notice. Accordingly, the motion for rehearing is

*Denied.*