A06A2154. FREESE et al. v. REGIONS BANK, N.A.
(644 SE2d 549)

ANDREWS, Presiding Judge.

Harry Freese appeals the grant of summary judgment to Regions Bank, N.A. (Regions) after the bank refused to reimburse him for certain fraudulent checks drawn on Freese's corporate account because Freese failed to give notice within the 30-day period provided for in the Customer Agreement. Because the trial court correctly held that OCGA § 11-4-103 (a) allows the parties to change the provision in OCGA § 11-4-406 (f) from 60 to 30 days without regard to lack of due care by either party, we affirm.

The record shows that in April 2003, Freese opened a corporate checking account with Regions, signed a signature card, and, per its terms, acknowledged that he agreed to the conditions of the Customer Agreement. The Customer Agreement held in pertinent part that, "[t]he statement shall be conclusively deemed to be correct unless we are notified by you in writing within thirty (30) days after the closing date of the statement."

In October 2003, Freese apparently timely notified the bank that several checks on the statement ending September 30, 2003, were fraudulent. Regions reimbursed Freese's account for those checks. In November, Freese discovered several other unauthorized checks on the September statement, but Regions refused to reimburse him for those checks, which totaled $59,890.96, because Freese did not notify the bank that he disputed them until after the 30-day notice period.

Freese sued, contending that Regions failed to exercise ordinary care in cashing the checks. Regions moved for summary judgment because of Freese's failure to report the forgeries within the contractual 30-day period. The trial court granted the motion, and Freese appeals.

Summary judgment is proper when the evidence, construed in the nonmovant's favor, shows that no issue of material fact remains and the movant is entitled to judgment as a matter of law. A defendant may prevail on summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue

on at least one essential element of plaintiff's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

In granting Regions' summary judgment motion, the trial court held that:

> It is well-established that a contractual agreement merely shortening the time period requiring notice of a forged item does not disclaim liability and run afoul of [OCGA § 11-4-103 (a)]. . . . Further, the Court disagrees with [Freese's] contention that Regions must provide evidence that it exercised ordinary care in processing the transactions at issue before summary judgment can be awarded. The notice provision contained in the Customer Agreement expressly provides that Regions will not be liable for its payment of forged checks if [Freese] fails to provide timely notice. Accordingly, Regions' contractual notice is akin to OCGA § 11-4-406 (f), which operates similarly to a statute of limitations to bar claims without regard to care or lack of care of either the customer or the bank.

Freese argues on appeal that the trial court erred in finding that OCGA § 11-4-103 (a) allows a bank to contractually shorten the 60-day period established in OCGA § 11-4-406 (f) per its Customer Agreement, notwithstanding allegations of negligence. OCGA § 11-4-406 (f) provides that:

> without regard to care or lack of care of either the customer or the bank, a customer who does not within 60 days after the statement or items are made available to the customer (subsection (a) of this Code section) discover and report the customer's unauthorized signature on or any alteration on the face of the item or who does not within one year from that time discover and report any unauthorized indorsement or alteration on the back of the item is precluded from asserting against the bank the unauthorized signature, indorsement, or alteration.

We have held that absence of timely notice under this Code section is absolute in protecting the bank and precluding any right of recovery by the customer, even if the bank is negligent. See *Bank of Thomas County v. Dekle*, 119 Ga. App. 753, 756 (168 SE2d 834) (1969) overruled on other grounds, *Decatur Fed. S & L Assn. v. Litsky*, 207 Ga. App. 752 (429 SE2d 300) (1993).

OCGA § 11-4-103 (a) provides:

The effect of the provisions of this article may be varied by agreement, but the parties to the agreement cannot disclaim a bank's responsibility for its lack of good faith or failure to exercise ordinary care or limit the measure of damages for the lack or failure. However, the parties may determine by agreement the standards by which the bank's responsibility is to be measured if those standards are not manifestly unreasonable.

In this case, the parties are not disclaiming the bank's responsibility to exercise ordinary care, but are determining the standards by which that responsibility is to be measured. *American Airlines Employees Fed. Credit Union v. Martin*, 29 SW3d 86 (Tex. 2000), analyzed this issue as follows:

Some courts have observed that shortened notice periods are only enforceable if there is no evidence that the bank has failed to exercise ordinary care. Those courts reason that a shortened notice period in effect disclaims the bank's responsibility to exercise ordinary care, if the bank in fact has not exercised care. We decline to follow this reasoning because it confuses the concept of the bank's ongoing duty to exercise ordinary care in paying items from a customer's account with the concept that the bank can only be charged with liability for a specific period of time. Moreover, the Deposit Agreement does not excuse the Credit Union from its ongoing duties to exercise ordinary care and pay only authorized items. So long as the customer complies with the corresponding duty to discover and report within the relevant time period — whether it is one year, sixty days, or something else — the bank can be held liable for any failure to exercise due care. And shortening the notice period does not disclaim the bank's liability for negligence in the future, inasmuch as the time period for notice as to on-going transactions starts over again each time the bank makes a new statement and items available to the customer.

(Footnote omitted.) Id. at 97.

Likewise, in *Nat. Title Ins. Corp. Agency v. First Union Nat. Bank*, 559 SE2d 668 (Va. 2002), the Supreme Court of Virginia, interpreting this same statute, held that:

this statute allows a bank and its customer to vary by agreement the effect of the provisions of Title 8.4 as long as the agreement does not: (1) "disclaim a bank's responsibility

for its lack of good faith," (2) "(disclaim a bank's responsibility for its) failure to exercise ordinary care," or (3) "limit the measure of damages for the lack or failure." Code § 8.4-103 (a). The clause in Paragraph 12 of the Deposit Agreement reducing the one-year period in Code § 8.4-406 (f) to a period of 60 days does not run afoul of these limitations on the authority to vary the effect of the provisions of Title 8.4. The Deposit Agreement does not absolve First Union of its duty to exercise ordinary care or good faith, nor does it limit the measure of damages. Instead, Paragraph 12 merely varies the effect of Code § 8.4-406 (f) in that the period of time in which National Title must report an unauthorized signature or alteration on an item, without having its claim for losses precluded by the bar in subsection (f), is shortened from one year to 60 days. This reduction in the length of the statutory notice period is consistent with the concept embodied in Code § 8.4-406 (f) that a bank can be held potentially liable for paying an item containing an unauthorized signature or alteration only for a limited period of time. Thus, we conclude that a bank and its customer may contractually shorten the one-year period contained in Code § 8.4-406 (f) and that First Union and National Title did so in Paragraph 12 of the Deposit Agreement.

Id. at 671-672.

Reasoning in the same vein, *Concrete Materials Corp. v. Bank of Danville and Trust Co.*, 938 SW2d 254 (Ky. 1997) held:

The account agreement makes examination of bank statements in a timely fashion for any unauthorized withdrawals or alterations a condition precedent to suit and recovery. . . . A contract of deposit may include conditions precedent or the equivalent of a shortened statute of limitations. However, the deposit agreement does not absolutely bar the depositor from suit and does not excuse liability in the future. The purpose of these agreements is to encourage investigation and preservation of evidence and as such are in accord with public policy by limiting disputes in an area where so many bank transactions occur every day.

Id. at 257.

The UCC permits parties to a contract of deposit to agree between themselves as to their duties and the legal consequences which flow therefrom. *Parent-Teacher Assn. v. Manufacturers Hanover Trust Co.*, 138 Misc2d 289 (524 NYS2d 336) (N.Y. City Civ. Ct.

1988). "[A]n account agreement is controlling unless it is manifestly unreasonable." *Concrete Materials Corp.*, supra at 257.

The 30-day limitation is not manifestly unreasonable. This Court has previously held a similar provision enforceable. The agreement in *Spacemakers of America v. SunTrust Bank*, 271 Ga. App. 335, 342 (609 SE2d 683) (2005) provided that the bank was not liable if not notified within 30 days. The opinion also stated that "even if OCGA § 11-4-406 did not preclude Spacemakers from recovering from the bank, there was a second basis for granting summary judgment on the company's claims," i.e., the provision stating that the bank will not be liable unless notified within 30 days. Id. at 342-343. See also *Jamison v. First Ga. Bank*, 193 Ga. App. 219, 220 (387 SE2d 375) (1989) (customer's breach of contract claim is controlled by the contract between the parties and customer's failure to timely notify bank resulted in the forfeiture of customer's right to challenge the statement).

Accordingly, because the UCC allows parties to limit the time provision in OCGA § 11-4-406 (f), and because shortening the time period does not excuse the bank from its duty of ordinary care or disclaim the bank's liability for negligence in the future inasmuch as the notice period starts over again each time the bank sends a new statement to the customer, the trial court correctly upheld the parties' agreement that the bank cannot be charged with liability after the expiration of the 30 days provided for in the agreement.

*Judgment affirmed. Johnson, P. J., Blackburn, P. J., Ellington and Bernes, JJ., concur. Barnes, C. J., and Miller, J., dissent.*

BARNES, Chief Judge, dissenting.

Because I believe that the trial court erred in finding that the contractual period in OCGA § 11-4-406 (f) could be shortened without regard to either party's care or lack of care, I must respectfully dissent.

Article 4 of the Uniform Commercial Code, Bank Deposits and Collections, requires that the customer "exercise reasonable promptness" to discover forgeries and notify the bank, OCGA § 11-4-406 (c), and then, in certain circumstances, the bank will not be liable for forgeries if the customer did not fulfill these duties. OCGA § 11-4-406 (d). The loss is allocated between the customer and the bank, however, if both parties failed to exercise reasonable care. OCGA § 11-4-406 (e). Regardless of which party failed to exercise care, the bank is not liable for any forgeries the customer does not report to the bank within 60 days of being sent a statement upon which those forgeries

are reflected. OCGA § 11-4-406 (f).[1] *Karrer v. Ga. State Bank &c.*, 215 Ga. App. 654, 659 (2) (452 SE2d 120) (1994).

Under OCGA § 11-4-103 (a), a bank and its customer may vary the provisions of Article 4 by contract, but

> the parties to the agreement cannot disclaim a bank's responsibility for its lack of good faith or failure to exercise ordinary care or limit the measure of damages for the lack or failure. However, the parties may determine by agreement the standards by which the bank's responsibility is to be measured if those standards are not manifestly unreasonable.

Id.

The majority holds that this court has previously held that shortened notice provisions are legally enforceable, regardless of the duty of care. In *Spacemakers of America v. SunTrust Bank*, 271 Ga. App. 335 (609 SE2d 683) (2005), the trial court granted summary judgment to the bank, finding no evidence that the bank failed to exercise ordinary care in the payment of the checks. We affirmed because *Spacemakers* did not rebut the bank's evidence showing it exercised ordinary care. Id. at 340 (2). In dicta, we also held that summary judgment could also be affirmed on the basis of the bank's commercial account terms, which required notification of account discrepancies within 30 days of the statement date. Id. at 342 (3). *Spacemakers* did not, however, address the question at issue in this case, which is whether the bank's 30-day notice provision was an absolute bar to recovery, notwithstanding any lack of care on the bank's part.

The majority also argues that OCGA § 11-4-406 (f) does not apply in this case because the contract controls. This logic, however, ignores the clear legislative intent of the statute.

> The Official Comment to UCC § 4-406 explains the policy surrounding its adoption: "The absolute time limit on the discovery of forged indorsements should be ample, because in the great preponderance of cases the customer will learn of the forged indorsements within this time and if in any

---

[1] OCGA § 11-4-406 (f) provides that,

[w]ithout regard to care or lack of care of either the customer or the bank, a customer who does not within 60 days after the statement or items are made available to the customer . . . discover and report the customer's unauthorized signature on or any alteration on the face of the item or who does not within one year from that time discover and report any unauthorized indorsement or alteration on the back of the item is precluded from asserting against the bank the unauthorized signature, indorsement, or alteration.

exceptional case he does not, the balance in favor of a mechanical termination of the liability of the bank outweighs what few residuary risks the customer may still have. . . . Section 4-406 evidence[s] a public policy in favor of imposing on customers the duty of prompt examination of their bank statements and the notification of banks of forgeries and alterations *and* in favor of reasonable time limitations on the responsibility of banks for payment of forged or altered items.

(Punctuation omitted; emphasis supplied.) *Trust Co. Bank v. Atlanta IBM Employees Fed. Credit Union*, 245 Ga. 262, 263-264 (264 SE2d 202) (1980). "The theory behind [OCGA § 11-4-406] is not unakin to a statute of limitation." (Citations and punctuation omitted.) *Decatur Fed. S & L Assn. v. Litsky*, 207 Ga. App. 752, 753 (1) (429 SE2d 300) (1993). However, "[a]s a matter of law, a bank cannot insulate itself from liability if its customer establishes lack of ordinary care on the part of the bank in paying the items." *Summit Transp. Svcs. v. NationsBank*, 232 Ga. App. 8, 10 (2) (500 SE2d 911) (1998).

The 60-day notice in OCGA § 11-4-406 is a statutorily set standard by which any deviation in the bank's responsibility must be measured. OCGA § 11-4-103 (a) allows a departure from the notice provision of Article 4, but not to "disclaim a bank's responsibility for its lack of good faith or failure to exercise ordinary care." Contrary to the majority's contention, a shortened notice period without regard for the bank's exercise of ordinary care is manifestly unreasonable.

In *Security State Bank v. Visiting Nurses Assn. &c.*, 256 Ga. App. 374, 376-377 (3) (568 SE2d 491) (2002), we noted a similar provision in the bank's contract which provided for a 14-day time limit to assert an altered or unauthorized signature, but also provided that the bank loses this protection if it did not exercise ordinary care unless it received no notification within the statutory period of 60 days. In this appeal, however, the bank has not only shortened the period, but also eliminated the requirement that it act in good faith and exercise ordinary care.

Given the clear purpose of OCGA § 11-4-103 (a), which allows the bank and customer to contractually vary the terms of Article 4, but cognizant that Article 4 requires both the bank and the customer to exercise reasonable care, Regions' Customer Agreement shortening the notice provision to 30 days is enforceable under our laws; however, any period shorter than the statutory 60-day period would require that the bank show that it exercised ordinary or reasonable care. Accordingly, I would reverse the grant of summary judgment to Regions Bank.

I am authorized to state that Judge Miller joins in this dissent.

DECIDED MARCH 30, 2007 — 

Cook, Youngelson & Wiggins, Cary S. Wiggins, Drago Cepar, Jr., for appellants.

Parker, Hudson, Rainer & Dobbs, William J. Holley II, Cinnamon V. Davis, for appellee.