### 23980. STATE REVENUE COMMISSION *v.* COLUMBUS BANK & TRUST COMPANY, executor.

DECIDED FEBRUARY 2, 1935.

*M. J. Yeomans, attorney-general, B. D. Murphy and John A. Smith, assistant attorneys-general,* for plaintiffs.

*Slade, Swift, Pease & Davidson,* for defendant.

JENKINS, P. J. Columbus Bank & Trust Company, as executor of the will of Elizabeth Swift Shorter, filed as a fiduciary an income-tax return under the act of 1931, in which it deducted from the net income of the estate the $1500 exemption allowed by the act to resident individual single persons. After the State revenue commission disallowed this claim, it issued a tax execution for a deficiency tax on the amount covered by this item. The sole question, under the affidavit of illegality filed by the company, is whether it was entitled as fiduciary to claim this individual exemption. The trial court sustained the affidavit of illegality and dismissed the levy.

The executor bases its claim of exemption chiefly upon the provision of subdivision (b) of section 26 of the income-tax act of 1931, that "fiduciaries required to make returns under this act shall be subject to all the provisions of this act which apply to individuals," and upon the language of section 6 that "the tax imposed by this act shall be imposed upon . . fiduciaries, and at the rates provided for individuals," and section 3 that "a tax is hereby imposed . . with respect to the entire net income of the taxpayer as hereinafter defined, . . computed at the following rates, after deducting the exemptions provided in this act." The revenue commission contends that the effect of the term "subject to," in section 26 (b), is merely to render fiduciaries liable to the

regulations and penalties "which apply to individuals" in the making of their returns, and not to give the benefits of their exemptions. It is contended that section 26 makes no reference either to the "taxable income" or the "personal exemption" of individuals, while section 13 defines "taxable income" as "the amount upon which the tax is computed after deducting the personal exemption and credit for dependents," and that this omission precludes the deduction of individual exemptions. It is further insisted that, even if subdivision (b) of section 26 could be properly construed as entitling a fiduciary of an estate to deduct any exemption, the effect of the immediately preceding subdivision (a), that "every fiduciary subject to taxation under the provisions of this act shall make a return under oath for the individual, estate, or trust for whom or for which he acts, if the net income thereof amounts to $1000 or over," is to limit the exemption allowable to fiduciaries to $1000 instead of $1500.

The rules for the construction of tax statutes and exemptions have been thus summarized by the Supreme Court in *State Revenue Commission* v. *Bradley Co.*, 178 *Ga.* 215 (172 S. E. 558): "In the interpretation of an act of the General Assembly, all the language used must be taken into consideration and none of it should be disregarded unless it be wholly without meaning or would lead to an absurd and unreasonable consequence. It is true that one who claims an exemption from taxation has the burden of showing that he comes within the exception, and that provisions as to exemptions are usually construed more strictly against the taxpayer; but the paramount rule is to look diligently for the intention of the lawmaking body, and to this end the ordinary signification shall be applied to all words except words of art or such as are connected with a particular trade or subject-matter." Should the language of section 26 (b), that fiduciaries "shall be subject to all the provisions of this act which apply to individuals," be given the limited construction, as contended by the commission, that fiduciaries are thus made liable to all of the penalties and disadvantages applicable to individuals, but are not entitled to their benefits? There is some basis for the argument of the commission in certain meanings which have been ascribed by some courts and lexicographers to the words "subject" and "subject to." Among definitions which have been so given are: made liable, subordinate, subservient, or subject to

the evils of. These definitions, however, express only one narrow phase of the meaning of the words under consideration, and much broader definitions have been given, such as: regulated by, brought under the control or action of, limited by, or affected by. See 7 Words & Phrases, 6712; 4 Words & Phrases (2d), 729, 734, 735; 60 C. J. 672; Standard Dictionary. Under this broader import of the terms, the words "subject to" an existing agreement, in a transfer of property, have been construed to mean "subject" not only to the disadvantages but also to the advantages given by the agreement. Bacon *v.* Grossman, 71 App. Div. 574 (76 N. Y. Supp. 188, 189). The advantages to individuals in the income-tax act include the right, under section 8, of resident single individuals to deduct from their net income an exemption of $1500 in determining their taxable income. The legislative purpose is further manifested in the language of section 6, that "the tax imposed by this act shall be imposed upon" fiduciaries, "and at the rates provided for individuals," when this is taken in connection with the language of section 3, that "a tax is hereby imposed upon every resident of the State . . with respect to the entire net income of the taxpayer as hereinafter defined, and upon every nonresident with respect to his entire net income not hereinafter exempted, received by such taxpayer from property owned or from business carried on in this State, computed at the following rates, *after deducting the exemptions provided in this act,*" following which the rates are stated.

The very language of subdivision (b), section 26, seems to preclude the narrower construction urged that "subject to *all the provisions*" applies only to those "provisions" which penalize and regulate the returns of individuals. The first quoted words are immediately preceded by the expression, "*fiduciaries required to make returns* under this act shall be" so "subject." The subject-matter of section 26 is headed "Fiduciary Returns;" that of section 25, "Corporation Returns;" and that of section 24, "Individual Returns." Each class of returns is thus separately provided for. The requirement as to "Fiduciary Returns" also, under subdivision (a) of section 26, differs entirely from the requirement as to "Individual Returns" under section 24, in that fiduciary returns must in all cases be filed, both as to residents and nonresidents, if the net income amounts to $1000 or over, while individual returns need not

be made for residents unless the net income is $1500, and for nonresidents unless it is $1000. The time of filing, penalties, and other regulatory provisions of the act, control all taxpayers and not merely individuals. Applying then the "ordinary signification" of the words used in the act, taking into consideration "all the language used," and disregarding none, under the principles stated in the *Bradley* case, the sweeping and inclusive import of the general language, "all the provisions of this act which apply to individuals," can not be narrowed so as to preclude the rights which individuals have to deduct the specific exemptions allowed them from their net incomes.

Nor can it be held that the requirement of subdivision (a), that fiduciaries shall file returns when net income is $1000 or over, is intended to create an exemption limited to that amount, rather than the $1500 exemption applicable to resident single individuals. Under section 8, a resident single individual, entitled to a $1500 exemption, becomes taxable when his net income exceeds that amount; while a nonresident individual, married or single, is limited to $1000. Hence, in their tax returns, resident single individuals must make a return when net income is $1500 or over; but for nonresidents, married or single, the limit is $1000. The purpose of subdivision (a) seems, therefore, merely, by one inclusive provision that fiduciaries in all cases shall file a return when net income amounts to $1000 or over, to eliminate a repetition of the separate preceding provisions affecting the returns of residents and nonresidents, and to afford to the revenue commission desirable information in all cases, whether the net income and exemption is the $1500 applicable to residents or the $1000 applicable to nonresidents. Only by a very strained construction of the legislative language and purpose could it be held that the necessity for filing a return in all cases where fiduciary net incomes are $1000 or over creates an exemption of that amount in favor of single residents, distinct from the $1500 exemption which is expressly given to such individuals.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*