28821. FORRESTER, revenue commissioner, *v.* TRUST COMPANY OF GEORGIA.

168

*B. B. Zellars* and *Claude Shaw, assistant attorneys-general,* for plaintiff in error.

*Crenshaw, Hansell & Gunby, John H. Boman Jr., Brandon, Hynds & Tindall, Russell M. Striplin,* contra.

GARDNER, J.  Error is assigned on the order of the court overruling a general demurrer to the petition of the defendant in error. The action was brought by the defendant in error, in its capacity as executor of the will of John D. Simmons, against the State Revenue Commissioner, for refund of $3.11 principal, together with interest, as tax paid the commissioner under protest on the amount of $1000 claimed as exempted by the executor in making his fiduciary income-tax return for 1937.  The executor duly filed his claim for refund, which the commissioner denied.  We quote from the petition as follows:  "Petitioner shows that as executor . . it filed its fiduciary income-tax return . . deducting from the net income the exemption of $1000 which petitioner contends is allowed by law."  Both parties agree that the sole question presented is whether in the instant case the executor of a will was entitled to an exemption of $1000 in making his income-tax return for the year 1937, where no minor children or incompetents were involved within the classification of the provisions of Code, § 92-3106(h).

■  This headnote needs no elaboration.

■ ■  Under the Code, § 92-3203(a, b), fiduciaries subject to taxation shall make returns and "be subject to all provisions of this law which apply to individuals."  See *State Revenue Commission* v. *Columbus Bank &c. Co.,* 50 *Ga. App.* 486 (178 S. E. 463). And in making the returns the "net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual."  Code, § 92-3106(h).  It is clear that fiduciaries and individuals are governed in effect alike by the provisions relating to individuals (though the word "individual" is not restricted necessarily to "single" individual), save only as exceptions may be provided to refer alone to fiduciaries.  To the

general provisions and to the clause "The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual," the following exception appears: "except an exemption of $1000 shall be allowed only to a fiduciary acting in the capacity of an administrator, executor, trustee or guardian, of the minor child or children of the deceased, also to guardians, trustees, executors, and administrators, representing persons who are incompetent."

Does this exception mean that only this particular class of fiduciaries shall have any exemption at all? We think not. We do not think it was the intention of the legislature in the amendatory act of 1937, pages 109, 121, (Code, § 92-3106), to repeal the laws giving fiduciaries the right of exemption as provided under Title 92 of the Code so that only those fiduciaries within the classification of Code, § 92-3106(h) should be entitled to exemptions in making income-tax returns. The clause is not "except that an exemption shall be allowed only to the designated classification" (Code, § 92-3106(h)). At most such interpretation could be given only by implication, and repeal by implication is not favored. *Murray* v. *State,* 112 *Ga.* 7 (37 S. E. 111); *Cornwell* v. *Atlanta Trust Co.,* 177 *Ga.* 303 (170 S. E. 194); *Britton* v. *Bowden,* 188 *Ga.* 806 (5 S. E. 2d, 47); *Adcock* v. *State,* 60 *Ga. App.* 207 (3 S. E. 2d, 597).

Next, does the clause "except that an exemption of $1000 shall be allowed only to" the designated classification (Code, § 92-3106(h)) mean that such exemption of such amount shall be allowed only to this classification (Code, § 92-3106(h))? We hold not. The clause would in effect have had to read: "except that an exemption of $1000 shall be allowed [comma inserted], only to" the designated classification (Code, § 92-3106(h)). Such interpretation would be in conflict with the express provisions of law of which we have treated applying alike to individuals and fiduciaries, and would tend by implication to repeal such provisions. Again we say that repeal of statutes by implication is not favored.

We look then to the true construction of the excepting clause in order to express the intention of the legislature. We think it should be as follows: "except that an exemption of $1000 shall be allowed only, to a fiduciary acting in the capacity of an administrator, executor, trustee or guardian, of the minor child or children of

the deceased, also to guardians, trustees, executors, and administrators, representing persons who are incompetent;" that is, *only an exemption of $1000* shall be allowed this designated class. We think the insertion of the comma directly after the word "only" perfects the construction to express the true intention of the legislature. The insertion of the comma for the purpose indicated is within the purview of Code, § 102-102(9): "In all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy. Grammatical errors shall not vitiate, and a transposition of words and clauses may be resorted to when the sentence or clause is without meaning as it stands." We think the primary purpose of Code, § 92-3106(h), when enacted was to prevent the pyramiding of the amount of the exemption when the fiduciary made his income-tax returns, when more than one child or incompetent were the cestuis que trust for whom the trust or estate was being maintained. It was not intended to qualify or repeal the laws with reference to exemptions by a fiduciary where his cestui que trust was a single individual, or a married individual living with his wife, or a widow with minor children, or widower with minor children, or otherwise where the fiduciary would be entitled to claim exemptions.

■ The exemption claimed in the instant case does not fall, nor was it brought, within the classification under Code, § 92-3106(h), as defined in the division of this opinion next above set out. The remaining instance where the amount of $1000 would have been available as an exemption by a fiduciary was where the claim of exemption would have been that as for a single individual. The fiduciary in the instant case did not so define or describe, verbatim, the deduction. Neither was there any indication in the return that the cestui que trust was such as would have entitled him to a deduction greater than the sum of $1000. But the claim of exemption did disclose that the amount of the deduction was coequal to that as for a "single" individual, the only remaining instance where such figure was available for deduction as exemption. It must therefore be considered that the exemption claimed was that as for a single individual. Code, § 92-3106(a).

The court did not err in overruling the demurrer.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*