■ NEW YORK CREDIT MEN'S ADJUSTMENT BUREAU, INC., as Trustee in Bankruptcy of PICKWICK TOGS, INC., Bankrupt, Respondent, v. MANUFACTURERS HANOVER TRUST COMPANY, Appellant.— Order, Supreme Court, New York County, entered on November 6, 1972, unanimously reversed, on the law, without costs and without disbursements, and the motion granted dismissing the complaint except with respect to two checks aggregating $2,150. Pickwick Togs, Inc., represented herein by its trustee in bankruptcy, became a depositor of the appellant bank under an agreement whereby Pickwick agreed that unless it shall notify the bank in writing within 30 days of the delivery or mailing of any statement of account and canceled vouchers that the signature upon any returned voucher was forged, the said statement of account shall be considered correct for all purposes and the bank shall not be liable for any payment made and charged to Pickwick's account. The same agreement required the depositor to notify the bank of forged indorsements, as distinguished from forged signatures, within six months of the mailing or receipt of the monthly statements of account and canceled checks as a condition precedent to the institution of an action to recover payment made on such checks.

Between May 3, 1968 and August 26, 1968 checks aggregating $48,780.27 were drawn on Pickwick's account bearing the forged signature of Alexander Wolfe, its president and sole stockholder. This action seeks recovery of the proceeds of those checks. On the third day of each month from June through September, 1968, appellant rendered statements of account for the preceding month and returned the canceled checks for that month. The depositor's president first learned of the forgeries in September, 1968. Pickwick went into bankruptcy in November, 1968. Appellant's first notice of the forgeries was given to it by the trustee in bankruptcy in December, 1968. Special Term in denying summary judgment noted that, while rights and liabilities between a depositor and a bank may be varied by agreement, subdivision (1) of section 4–103 of the Uniform Commercial Code prohibits agreements by a bank to disclaim responsibility for its own lack of good faith or failure to exercise ordinary care. However, the agreement here does not absolve the bank for its negligence or lack of good faith or ordinary care. It provides a condition precedent to liability in the nature of an abbreviated period of limitations. Had plaintiff, in opposition to the motion for summary judgment, come forth with evidence to indicate either lack of good faith or failure to exercise ordinary care by the bank, an issue would have been created and summary judgment would properly have been denied. No such showing appears in this record. The identical agreement was ruled upon and upheld in *Webster Schott Bldg.* v. *Manufacturers Hanover Trust Co.* (N. Y. L. J., Dec. 13, 1968, p. 16, col. 7, affd. without opn. 32 A D 2d 744, mot. for lv. to app. den. 26 N Y 2d 611). And while a denial of a motion for leave to appeal is not equivalent to an affirmance (see *Matter of Marchant* v. *Mead-Morris Mfg. Co.*, 252 N. Y. 284, 297-298) it does serve to give some measure of significance of the impressions of the Court of Appeals. Checks numbered 19969 and 19977 in the aggregate sum of $2,150 were payable to Alexander Wolfe. It is claimed that the indorsement was forged. As to these, the bank was notified of the forgery within six months and, therefore, it is not entitled to summary judgment as to those checks. Concur — Markewich, J. P., Nunez, Lane and Tilzer, JJ.