50498. FUQUA TELEVISION, INC. v. FLEMING.
50499. FUQUA TELEVISION, INC. v. BLANCHARD.
50500. FUQUA TELEVISION, INC. v. BARTON.
50501. FUQUA TELEVISION, INC. v. NICHOLSON.

WEBB, Judge.

Four partners of a law firm filed separate but virtually identical suits against Fuqua Television, Inc.,

each complaint alleging in material part that defendant operates a television station in Augusta known as Channel 6, WJBF-TV; that the plaintiff is an attorney at law and a partner in the firm of Nicholson and Fleming, with offices in the Johnson Building on the corner of Broad and Eighth Street in Augusta; that plaintiff has acquired and retained a high standing among members of the Bar and a good reputation in his profession; that on November 13, 1972, the defendant wilfully and maliciously, intending to injure and defame plaintiff and his character and reputation and to injure him in his profession, televised on its station a false and defamatory broadcast inferring that plaintiff and his law firm were engaged in a gambling operation and had been raided by the FBI for criminal activity; that at the time of the broadcast defendant knew that said matter was untrue or acted with a reckless disregard as to whether said matter was true or false; that plaintiff had been injured and damaged in his good name, reputation and profession, and large numbers of his clientele, and of the public generally, suspect and believe him to have been guilty of a crime and refuse to have any transaction, acquaintance or discourse with him as they did or would have had before the broadcast; that by reason of these facts he has suffered great pain and mental anguish and has been greatly injured in his reputation and profession to his damage of $500,000; and that because of defendant's wilful and malicious defamation of plaintiff, done with the intent of injuring him in his business and profession, he is entitled to recover punitive damages in the sum of $750,000.

Defendant moved for summary judgment in each case, which motions were denied, and it now appeals with certificates for immediate review. *Held:*

1. The motions for summary judgment are each based upon four grounds, the last of which is that defendant did not act with knowledge that the defamatory statement was false, nor did it act with reckless disregard as to whether it was false or not. For reasons stated in *Peachtree Bottle Shop, Inc. v. Bessemer Securities Corp.,* 134 Ga. App. 729, it is sufficient to state that defendant has failed to carry its summary judgment burden of demonstrating that there is no genuine issue of material

fact and that it is entitled to judgment as a matter of law on this ground.

2. Grounds 1 and 3 of the motions assert that defendant corporation did not expressly order and direct the news announcer to use the very words which he did use, and that defendant expressed no actual malice through its corporation action. It is thus urged that the actions are not maintainable under the holdings in *Behre v. National Cash Register Co.*, 100 Ga. 213 (27 SE 986) and *World Ins. Co. v. Peavy*, 110 Ga. App. 527 (139 SE2d 155). However, those are slander cases having no application to "defamacast," and the present actions are maintainable. Code Ann. § 105-712; *American Broadcasting-Paramount Theatres, Inc. v. Simpson*, 106 Ga. App. 230 (126 SE2d 873); *WSAV-TV, Inc. v. Baxter*, 119 Ga. App. 185 (166 SE2d 416); *Montgomery v. Pacific &c. Co.*, 131 Ga. App. 712 (206 SE2d 631), affirmed in *Pacific &c. Co. v. Montgomery*, 233 Ga. 175 (210 SE2d 714).

3. In support of ground 2 of the motions, defendant contends that no recoverable damages are alleged. Since this ground goes to the whole of the case, it was properly found to be without merit if any item of damages is recoverable. *Cato v. English*, 228 Ga. 120 (1) (184 SE2d 161); *Georgia Ports Authority v. Norair Engineering Corp.*, 131 Ga. App. 618 (206 SE2d 563) and cases cited; *W. T. Grant Co. v. Goodman*, 133 Ga. App. 321 (211 SE2d 198); *Dehler v. Golden Age Retirement, Inc.*, 133 Ga. App. 322 (211 SE2d 199).

Code Ann. § 105-714 provides that "In any action for damages for any defamatory statement published or uttered in or as a part of a visual or sound radio broadcast, the complaining party shall be allowed only such actual, consequential or punitive damages as have been alleged and proved."[1] At some point in these proceedings a

---

[1] As noted by Judge Eberhardt in *Simpson, supra*, at 240, n. 9, there is an absence of a comma between the words "actual" and "consequential," but a comma appears between these words in the caption of the Act. Accordingly we have supplied the missing comma. Code Ann. § 102-102(9); *Forrester v. Trust Co. of Georgia*, 65 Ga. App. 167, 169-70 (15 SE2d 559).

determination may have to be made as to the ambit of the terms "actual" and "consequential" damages as used in § 105-714, as well as to whether the retraction provisions of Code Ann. § 105-720 apply so as to preclude the award of punitive damages under § 105-714. In the present posture of the case, however, it is sufficient to point out that "The expression 'actual damages' is not necessarily limited to pecuniary loss, or loss of ability to earn money." *Georgia, Southern &c. R. Co. v. Wright,* 130 Ga. 696, 697 (61 SE 718). "Wounding a man's feelings is as much *actual damage* as breaking his limbs." (Emphasis supplied.) *Head v. Georgia Pacific R. Co.,* 79 Ga. 358, 360 (7 SE 217); *Mabry v. City Electric R. Co.,* 116 Ga. 624, 625 (42 SE 1025).

We are thus unable to hold that no recoverable damages are alleged.

*Judgments affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED APRIL 7, 1975 — DECIDED APRIL 23, 1975.

*Fulcher, Hagler, Harper & Reed, J. Walker Harper, Sanders, Hester, Holley, Askin & Dye,* for appellant.

*Burnside, Dye & Miller, Thomas R. Burnside, Jr., James B. Wall,* for appellees.