## 65378. WILLIAMSON et al. v. LUCAS.

SHULMAN, Chief Judge.

Appellee was awarded $75,000 in general damages and $125,000 in punitive damages by the jury in this defamation action. Appellants, Georgia Communications Corp. (the corporate owner of radio station WVMG) and Howard M. Williamson (the principal shareholder of Georgia Communications Corp.), assert five enumerations of error on appeal.

1. The first enumeration contends that the trial court erred in failing to charge the jury in accordance with OCGA § 51-5-10 (c) (Code Ann. § 105-714), which limits recovery "in any action for damages for *any* defamatory statement published or uttered in or as a part of a visual or sound broadcast . . . [to] only such actual, consequential, or punitive damages as have been alleged and proved." (Emphasis supplied.)

This action arose from statements concerning appellee made by Williamson during a WVMG talk show. Thus, the only statements here involved were "published or uttered in or as a part of . . . a sound broadcast." Appellee argues that OCGA § 51-5-10 (c) (Code Ann. § 105-714) should be limited to allegedly defamatory statements made by a person other than the owner of the station or his agents. However, the statute specifically applies to "any action for damages for any defamatory statement" made during a broadcast. The statute does not contain the limitation urged by appellee, and it has not been so applied by this court. See *Fuqua Television, Inc. v. Fleming,* 134 Ga. App. 731 (3) (215 SE2d 694). "[T]he language of the statute is plain and subject to only one construction, and in such a case this court can not hold that the General Assembly did not mean what it said." *Thomas v. Lumbermen's Mut. Cas. Co.,* 57 Ga. App. 434, 436 (195 SE 894). Consequently, the trial court erred in refusing to charge that appellee's recovery, if any, should be limited to the "actual, consequential, or punitive damages alleged and proved." OCGA § 51-5-10 (c) (Code Ann. § 105-714).

The charge requested by appellants merely embodied the language of OCGA § 51-5-10 (c) (Code Ann. § 105-714), and did not put into issue the problem noted in *Fuqua Television,* supra, p. 734, regarding "the ambit of the terms 'actual' and 'consequential' damages as used in [OCGA § 51-5-10 (c)] . . ." Consequently, we will not now consider that issue. See also *American &c. Theatres v. Simpson,* 106 Ga. App. 230, 240 (fn. 9) (126 SE2d 873).

2. The second enumeration of error asserts that the trial court improperly charged the jury on the burden of proof imposed upon public officials seeking recovery for defamation. The parties

stipulated that appellee was a public official. The trial court charged the jury generally that the plaintiff had the burden to prove every essential element of his case by a preponderance of the evidence. The court further charged the jury: "[N]otwithstanding anything else that I have said in this charge to this point you would not be authorized to find a verdict in favor of the plaintiff . . . unless you find first that the statements [sic] as broadcast was false, and secondly, either that the statement was broadcast by Mr. Williamson with knowledge of its falsity or in reckless disregard of whether or not the statement was true or false . . . In order for the plaintiff to recover in this case you must find by a preponderance of the evidence and *with convincing clarity* that the statements broadcast were false . . ." (Emphasis supplied.)

Appellants allege that the trial court incorrectly charged the standard of proof set forth in *Williams v. Trust Co. of Ga.,* 140 Ga. App. 49, 52 (230 SE2d 45): "Defamed public officials and public figures can recover only upon a showing of actual malice, i.e., 'only on clear and convincing proof that the defamatory falsehood was made with knowledge of its falsity or with reckless disregard for the truth.'"

We agree with appellants that the charge should have instructed the jury that the components of "actual malice" (id.) must be shown by clear and convincing proof rather than by a preponderance of the evidence. Id., p. 56. However, the charge as given was not harmfully erroneous in the context of this case. The entire charge of the court on the question of "actual malice" was both cogent and comprehensive. The court used the phrase "by a preponderance of the evidence and with convincing clarity." See id., p. 56. " 'Where a charge as a whole substantially presents issues in such a way as is not likely to confuse the jury even though a portion of the charge may not be as clear and precise as could be desired, a reviewing court will not disturb a verdict amply authorized by the evidence. [Cits.]' " *Urban v. State,* 152 Ga. App. 110, 111 (262 SE2d 259).

Furthermore, the record reveals that the only charge submitted by appellants relating to appellee's burden provided "that the plaintiff can recover only if the evidence shows with convincing clarity that the defendant knew that the statements made about the plaintiff were false." The court's charge essentially embodied that charge submitted by appellants. Since appellants never submitted a charge any more than vaguely outlining the burden of "clear and convincing" proof as to actual malice, they cannot complain on appeal of the trial court's failure to give a clearer charge on that issue. OCGA § 5-5-24 (b) (Code Ann. § 70-207); *Steed v. Steel Products Mfg. Co.,* 152 Ga. App. 350 (6) (262 SE2d 616). Accordingly, in the

context of this trial, this enumeration is without merit.

3. As to the liability of the corporate appellant, it is urged that the trial court erred in failing to charge the jury that the corporation could not be liable for an agent's utterance "unless it affirmatively appears that the agent was expressly directed or authorized to slander the plaintiff." *Garren v. Southland Corp.,* 237 Ga. 484, 485 (228 SE2d 870). However, as noted in *Fuqua Television v. Fleming,* supra, Division 2, this rule has "no application to 'defamacast,' and the present actions are maintainable." OCGA § 51-5-10 (a) (Code Ann. § 105-712) limits non-negligent owner liability for defamatory radio and television broadcasts only when the "defamatory statement [is] published or uttered . . . by one other than the owner, licensee, or operator or an agent or employee thereof . . ." Since a "defamacast" (*American &c. Theatres v. Simpson,* supra, p. 240) is not considered "slander" (id.), the usual rules of respondeat superior are applicable, as with libel. *Garren,* supra. At the time of the "React" radio broadcast involved in this case, Williamson was a 51 percent shareholder of appellant corporation, manager of the radio station, and host of the "React" radio program. The jury was clearly authorized to find that Williamson was acting as agent of the owner at the time of the subject broadcast.

4. Appellants' fourth enumeration of error charges that the trial court erred in failing to charge the jury that they could not award punitive damages unless they first found that appellee had requested a retraction of the alleged defamatory statement. Appellants base their argument on OCGA § 51-5-11 (c) (Code Ann. § 105-720), which requires a plaintiff in a libel action to make a request for correction and retraction of the alleged libelous statement before he can recover punitive damages. However, in asserting this enumeration, appellants overlook the fact that they failed to submit to the trial court a charge based on OCGA § 51-5-11 (c) (Code Ann. § 105-720). Consequently, they may not question on appeal the trial court's failure to give a charge on retraction. OCGA § 5-5-24 (b) (Code Ann. § 70-207); *Steed v. Steel Products Mfg. Co.,* supra. As in *Fuqua Television v. Fleming,* supra, p. 734, the question of "whether the retraction provisions of [OCGA § 51-5-11 (c)] apply so as to preclude the award of punitive damages under [§ 51-5-10 (c)]" has not been raised.

5. Appellants' final enumeration challenges the trial court's denial of their motions for directed verdict based on the alleged lack of evidence proving damages and lack of clear and convincing evidence showing that the statements made about appellee were false or made with reckless disregard of whether or not they were false. We disagree with appellants on both counts. The primary actionable

statement about appellee made by Williamson was that "[i]t must be nice to make money over the table and under the table." The evidence amply supported a jury determination that appellee had shown by clear and convincing proof that the statement was false and that Williamson made the statement with reckless disregard of its veracity. As to damages, appellee testified that, in addition to humiliation and embarrassment, he had lost an opportunity to purchase a milk distributorship. There was ample evidence from which the jury could have found actual, consequential, and punitive damages.

6. The final issue for determination is whether the error addressed in Division 1 mandates a new trial on damages. As noted, the error relates solely to the failure to charge the exact wording of OCGA § 51-5-10 (c) (Code Ann. § 105-714). We have reviewed the entire charge and cannot conclude that the error was harmless. At no place in the charge was the jury instructed that appellee would have to prove each element of damages. While a jury might have inferred this from the court's general charges on appellee's burden of proof, we cannot hold that the jury was not confused on this issue, particularly in view of the court's general and punitive damage charges. Consequently, the trial court's failure to charge the jury pursuant to OCGA § 51-5-10 (c) (Code Ann. § 105-714) was reversible error requiring the grant of a new trial on the issue of damages. *Ga. Farm Bureau &c. Co. v. Collins,* 161 Ga. App. 149 (3) (288 SE2d 106). This case is remanded to the trial court for a new trial on the issue of damages and further proceedings consistent with this opinion. The liability portion of the judgment is affirmed.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 5, 1983 —
REHEARING DENIED APRIL 27, 1983.

*J. Dunham McAllister,* for appellants.
*Denmark Groover, Jr.,* for appellee.

